J-S23033-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID JULIUS PRICE, SR., | : | |
| | : | |
| Appellant | : | No. 1647 EDA 2014 |

Appeal from the Judgment of Sentence Entered April 30, 2014,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0006350-2013

BEFORE:   DONOHUE, SHOGAN, and STRASSBURGER, JJ.*

MEMORANDUM BY STRASSBURGER, J.:                    **FILED JUNE 11, 2015**

David Julius Price, Sr. (Appellant) appeals from the judgment of sentence entered April 30, 2014, following his guilty plea to one count of driving under the influence of alcohol (DUI) - highest rate of alcohol - third offense, three counts of recklessly endangering another person, and one count of driving while operating privilege was suspended or revoked. Counsel for Appellant has filed a petition to withdraw and brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we deny counsel's petition to withdraw and order counsel to file a supplemental brief.

Appellant was arrested and charged with various offenses following an incident that occurred on September 18, 2013. On March 3, 2014, Appellant entered into an open guilty plea to the aforementioned charges. On April

_____

*Retired Senior Judge assigned to the Superior Court.

20, 2014, Appellant was sentenced to an aggregate term of 2 to 11 years' incarceration. No post-sentence motion was filed. Appellant filed a *pro se* notice of appeal. The trial court forwarded this notice to Appellant's counsel of record and directed counsel to file a statement of errors complained of on appeal.[1] Counsel complied with the court's directive by filing notice of his intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

---

[1] Appellant was sentenced on April 20, 2014, and had 30 days, or until May 30, 2014, to file a timely notice of appeal. Appellant's notice of appeal was entered on the docket on June 3, 2014.

"[I]n the interest of fairness, the prisoner mailbox rule provides that a *pro se* prisoner's document is deemed filed on the date he delivers it to prison authorities for mailing." **Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011). The rule allows this Court "to accept any reasonably verifiable evidence of the date that the prisoner deposits the appeal with the prison authorities...." **Commonwealth v. Perez**, 799 A.2d 848, 851 (Pa. Super. 2002).

Instantly, the certificate of service attached to Appellant's notice of appeal is dated May 27, 2014, which arguably supports a conclusion that Appellant's appeal was timely filed under the prisoner mailbox rule. However, the envelope containing the notice is postmarked June 2, 2014. Nonetheless, there is nothing of record that would indicate that Appellant did not place the document in the hands of prison authorities on May 27, 2014, or shortly thereafter.

However, pursuant to well-established Pennsylvania law, a defendant is not entitled to hybrid representation. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1141 (Pa. 1993) (a defendant does not have the constitutional right of self-representation together with counseled representation at the trial or appellate level); **see also Commonwealth v. Jette**, 23 A.3d 1032, 1036 (Pa. 2011) (citing Pennsylvania's long-standing policy that precludes hybrid representation). Additionally, Rule 120(A)(4) of the Rules of Criminal Procedure states that an "[a]n attorney who has been retained . . . shall continue such representation through direct appeal or until granted leave to

withdraw by the court pursuant to paragraph (B)." Pa.R.Crim.P. 120(A)(4). Paragraph (B) of that rule states that "[c]ounsel for a defendant may not withdraw his or her appearance except by leave of court." Pa.R.Crim.P. 120(B)(1).

Here, the record demonstrates that trial counsel was still counsel of record at the time Appellant filed his *pro se* notice of appeal. Despite his claim in his motion to withdraw that his representation of Appellant "did not include taking an appeal" to this Court, Petition to Withdraw As Counsel, 6/9/2014, at ¶ 2, counsel did not move to withdraw at any point prior to Appellant's *pro se* filing. Moreover, Appellant did not request leave to proceed *pro se*, nor did he request that plea counsel withdraw. Pursuant to the Rules of Criminal Procedure outlined above, it was improper for him to file a *pro se* notice of appeal with the trial court. The above errors notwithstanding, we decline to quash this appeal.

We further note that, although Appellant filed his notice of appeal *pro se* while ostensibly represented by counsel, that does not deprive this Court of jurisdiction to hear Appellant's claims. Generally, our courts will not entertain *pro se* filings while an appellant remains represented, and such filings have been described as legal nullities. ***See Commonwealth v. Ali***, 10 A.3d 282, 293 (Pa. 2010). However, *pro se* notices of appeal present a special case. In ***Commonwealth v. Cooper***, 27 A.3d 994 (Pa. 2011), our Supreme Court held that a *pro se* notice of appeal, filed while Cooper was represented by counsel, was not automatically a legal nullity, but was simply "premature." ***Id.*** at 1007. Admittedly, ***Cooper*** was a case with a unique procedural history that can be distinguished from that of the instant matter. Nonetheless, this Court and our Supreme Court have faced *pro se* notices of appeal filed by represented appellants both before and after ***Cooper***, and we have not considered this defect to be fatal. ***See, e.g., Commonwealth v. Wilson***, 67 A.3d 736, 738 (Pa. 2013) (explaining that "[Wilson] filed a *pro se* notice of appeal; it is not clear why his court-appointed counsel did not file the notice," and proceeding to review the merits of Wilson's case without further discussion); ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (remanding for a ***Grazier*** hearing where, after the denial of Robinson's counseled petition pursuant to the Post Conviction Relief Act, Robinson filed a timely *pro se* appeal, and a petition requesting that he be allowed to proceed *pro se*, and the PCRA court entered an order permitting counsel to withdraw). Thus, we will not treat Appellant's *pro se* notice of appeal as a nullity.

On February 10, 2015, Appellant's counsel filed with this Court a petition to withdraw as counsel and an **Anders** brief. As a preliminary matter, we address counsel's application to withdraw before reaching the merits of the issues raised in the brief. **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa. Super. 2005) (quoting **Commonwealth v. Smith**, 700 A.2d 1301, 1303 (Pa. Super. 1997)) ("When faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw.").

To withdraw pursuant to **Anders**, counsel must: 1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; 2) file a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of the brief to the appellant and advise him or her of the right to obtain new counsel or file a *pro se* brief to raise any additional points that the appellant deems worthy of review. **Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010)**.** Thereafter, this Court independently reviews the record and issues. **Id**.

Our Supreme Court has explained that, in an **Anders** brief, counsel seeking to withdraw must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state

counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Here, counsel for Appellant states one issue of arguable merit: whether Appellant's sentence of 2 to 11 years' incarceration is harsh or excessive. Appellant's Brief at 3. However, counsel's conclusion that this argument is frivolous, because "the Superior Court has no authority to permit a challenge to the discretionary aspects of sentence" following the entry of an open guilty plea, is a clear misstatement of the law. ***See e.g. Commonwealth v. Tirado***, 870 A.2d 362, 368 n. 5 (2005) (noting that "while a guilty plea which includes *sentence negotiation* ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, *open* plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence.") (emphasis in original). Complicating the issue is counsel's failure to file a separate Pa.R.A.P. 2119(f) statement stating the reasons relied upon for allowance of this appeal, and his failure to indicate, or even

mention, whether Appellant's sentencing issue presented a substantial question for our review.[2]

In **Santiago**, our Supreme Court explained why it is important that counsel articulate her reasons for concluding that an appeal is frivolous.

> We are persuaded that requiring counsel to articulate the basis for his or her conclusion of frivolity will advance the twin functions counsel's **Anders** brief is to serve, *i.e.*, it will assist the intermediate appellate courts in determining whether counsel has conducted a thorough and diligent review of the case to discover appealable issues and whether the appeal is indeed frivolous. In this context, we believe that there is real value in putting pen to paper. As the United States Supreme Court has noted, the task of articulating reasons can shed new light on what may at first appear to be an open-and-shut issue. It can also reveal to counsel previously unrecognized aspects of the record or the law and thereby provide a safeguard against a hastily-drawn or mistaken conclusion of frivolity. In addition, we believe that it is often the case that the basis for an attorney's

---

[2] It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine:  (1) whether the appeal is timely [filed]; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code....  [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Disalvo**, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

opinion that an appeal is frivolous is not readily apparent, and that accordingly, counsel's explanation will significantly assist the courts in passing upon the soundness of counsel's conclusion, which, in turn, vindicates the right to counsel.

*Id.* at 360-61 (citations omitted).

Instantly, absent any attempt by counsel to meet this requirement, we conclude that his brief does not comply substantially with *Santiago*. As a result, we deny counsel's petition to withdraw without prejudice. Counsel shall file either an advocate's brief or a supplemental *Anders* brief within 30 days of the date of this memorandum.

Petition to withdraw as counsel denied. Case remanded with instructions. Panel jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 6/11/2015